NUMBER 13-02-261-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

LUCIA BALLEZA, ASENCIO SAENZ,
AND JOAQUIN BALLEZA, JR.                           Appellants, 

v.

THE CITY OF MISSION,                                                              Appellee.
 

On appeal from the 206th District Court of Hidalgo County, Texas.
                                                                                                                      


MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo 
Memorandum Opinion by Justice Yañez

          In this suit for nuisance, appellants, Lucia Balleza, Asencio Saenz, and Joaquin
Balleza, Jr., sued appellee, the City of Mission (“the City”), for damages associated with
several sewer overflows into their residence. A jury found in favor of the City. In two
issues, appellants challenge: (1) the legal and factual sufficiency of the jury’s finding that
the City’s acts did not constitute a public health nuisance; and (2) the factual sufficiency
of the jury’s finding that the City’s acts did not constitute a nuisance that proximately
caused damages to appellants. We affirm.
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it.


 
I. Standard of Review 
          A party attacking the legal sufficiency of an adverse finding on which he had the
burden of proof must demonstrate on appeal that the evidence conclusively established
all vital facts in support of the issue.


 "In reviewing a 'matter of law' challenge, the
reviewing court must first examine the record for evidence that supports the finding, while
ignoring all evidence to the contrary."


 "If there is no evidence to support the finding, the
reviewing court will then examine the entire record to determine if the contrary position is
established as a matter of law."


 The issue will be sustained "only if the contrary position
is conclusively established."


 
          When a party attacks the factual sufficiency of the evidence supporting an adverse
finding on which he had the burden of proof, he must demonstrate that the adverse finding
is against the great weight and preponderance of the evidence.


 In reviewing such a
challenge, a court of appeals "must consider and weigh all of the evidence, and can set
aside a verdict only if the evidence is so weak or if the finding is so against the great weight
and preponderance of the evidence that it is clearly wrong and unjust."


 
II. Applicable Law
          A municipality is liable for the creation or maintenance of a nuisance in the course
of the non-negligent performance of a governmental function.


 “In this context, ‘non-negligence’ means beyond negligence, as in gross negligence or an intentional act. But
if a nuisance is caused by the negligent performance of a governmental function, then the
governmental entity is protected from liability because of governmental immunity.”


 
          A nuisance is a condition that substantially interferes with the use and enjoyment
of land by causing unreasonable discomfort or annoyance to persons of ordinary
sensibilities attempting to use and enjoy it.


 To maintain a cause of action for nuisance,
a plaintiff must be able to show the alleged nuisance is inherent in the condition or thing
itself, beyond that arising from alleged improper or negligent use.


 
III. Analysis 
          Here, appellants challenge the sufficiency of the evidence supporting the jury’s
answers to questions one and four. Question one asked, “Did the City of Mission’s acts
constitute a nuisance that was a proximate cause of damages, if any, to the Plaintiffs?” 
Question four asked, “Did the City of Mission’s acts made the basis of this lawsuit
constitute a public health nuisance?” The jury answered “no” to both questions. 
A. Legal Sufficiency 
          Appellants had the burden of proving that the City performed an act which
constituted a nuisance. The jury was instructed that it must find that the City’s acts were
“beyond negligence, as in gross negligence or an intentional act.” 
          Emilio Garcia, Jr., the City’s supervisor of the wastewater plant, testified that a 
backup of the sewage collection system could not have occurred without a visible elevation
of the water level at the wastewater plant, which would have been noted in the plant’s log;
no such event was noted in the log. He also testified that the plant is equipped with an
alarm, which the plant operator checks weekly to ensure it is working properly. The alarm 
would have sounded before the water reached a level high enough to cause a backflow. 
Garcia testified the alarm has never sounded because of an elevated water level. He also
stated that if the sewage backup into appellants’ home was caused by a failure at the plant,
there would have been overflows from manholes and a business located between
appellants’ home and the plant. There were no reports of overflows or problems at the
manholes or the business. Garcia testified that the backup into appellants’ house could
have been caused by a blockage in their sewer line or by the construction of appellants’
lateral sewer line to the sewer main with an inadequate slope.
          We conclude that appellants failed to establish that the City’s acts constituted a
nuisance or a public health nuisance. We hold there is more than a scintilla of evidence
to support the jury’s finding that the City’s acts did not constitute a nuisance or public
health nuisance.


 Accordingly, we hold the evidence is legally sufficient to support the
jury’s answer to question four. 
B. Factual Sufficiency
          Appellants also challenge the factual sufficiency of the jury’s answers to questions
one and four. Appellants direct us to the deposition testimony of Carlos Flores, an
employee of the City’s wastewater plant. Flores testified that on one of the occasions at
issue, there was a “sewer stop;” he investigated and visited appellants’ residence, but was
unable to identify anything appellants had done to cause the problem. Appellants also cite
the testimony of Mario Monteforte, a police officer for the City, who was called to
investigate one of the sewer overflow incidents. Monteforte testified that when he went to
the wastewater plant, Flores told him the sewer backup at appellants’ residence was
caused by a power failure at the plant. 
          Appellants note that Garcia testified that on the date of one of the incidents, the
wastewater plant’s milltronics


 were out. He testified that the milltronics failure “might be
the problem.” Appellants also cite the testimony of Francisco Flores, the City’s utilities
director, in which he testified that he has no information that anything other than the
milltronics caused the backup on appellants’ property. Appellants argue that although
“there are disputes as to what was the exact cause [of the sewer backup], there was never
any doubt that the City of Mission was the one doing something, or not doing something,
that caused the sewer to backup.” 
          We conclude that the failure to definitively identify any problem on appellants’
property as the cause of the sewer backup does not constitute evidence that the City’s
operation of the wastewater plant constituted a nuisance. Considering and weighing all the
evidence, the jury’s findings are not so against the great weight and preponderance of the
evidence that they are clearly wrong and unjust.


 Accordingly, we hold the evidence is
factually sufficient to support the jury’s answers to questions one and four. 
          We overrule appellants’ challenges to the sufficiency of the evidence supporting the
jury’s answers and AFFIRM the trial court’s judgment. 
 
 
                                                                                                                                           
                                                                            LINDA REYNA YAÑEZ,
                                                                            Justice


Memorandum Opinion delivered and 
filed this the 16th day of December, 2004.